UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CURTIS L. GAINEY,

         Petitioner,

  v.

SUPT. TIMOTHY MURRAY, Gowanda
Correctional Facility,

        RESPONDENT.

**DECISION
and
ORDER**

**05-CV-532A(F)**

---

  On July 29, 2005, Plaintiff, proceeding *pro se*, filed a petition seeking habeas relief pursuant to 28 U.S.C. § 2254, alleging his Sixth Amendment right to counsel was violated based on ineffective assistance of trial counsel.  On August 29, 2005, Respondent moved for an order directing Petitioner to provide a more definite statement of his claim or, alternatively, to dismiss the petition for failure to exhaust. (Doc. No. 5) ("Respondent's Motion").  According to Respondent, although Petitioner asserts as the sole basis for habeas relief ineffective assistance of trial counsel, the factual allegations of the Petition refer only to errors allegedly created by the state trial court, which Petitioner fails to attribute to trial counsel and, as such, Respondent is unable to respond to the Petition.  Respondent's Motion ¶¶ 5, 8.  Alternatively, Respondent asserts that Petitioner's ineffective assistance of counsel claim is unexhausted, requiring dismissal of the Petition.  Respondent's Motion ¶¶ 6-7.  On September 1, 2005, Honorable Richard J. Arcara referred the action to the undersigned for all pretrial matters.

  On September 7, 2005, Petitioner filed a Response to Respondent's motion

(Doc. No. 7) ("Petitioner's Response"), explaining that Petition does not seek habeas relief based on ineffective assistance of trial counsel but, rather, challenges the state trial court's refusal to dismiss several allegedly defective counts from the Indictment claiming that such refusal hampered Petitioner's trial counsel in preparing Petitioner's defense, thereby limiting trial counsel's effectiveness.  Petitioner's Response at 1-2. Respondent, on September 26, 2005, filed a Response in opposition to the Petition. (Doc. No. 8) ("Respondent's Response").  Significantly, Respondent acknowledges that Petitioner's habeas claim, as clarified by Petitioner in response to Respondent's Motion, is exhausted.  Respondent's Response ¶ 21.

Petitioner has thus provided Respondent with the more definite statement for which Respondent moves.  As such, Respondent's motion (Doc. No. 5) seeking a more definite statement or, alternatively, dismissal of the Petition for failure to exhaust, is DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 29 , 2006
         Buffalo, New York