IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

CURTIS L. GAINEY,

                        Petitioner,

    -vs-                                             **No. 05-CV-0532(VEB)**
                                                          **DECISION AND ORDER**
TIMOTHY MURRAY, Superintendent,

                        Respondent.
_____

**I.     Introduction**

*Pro se* petitioner Curtis L. Gainey ("Gainey" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his state-custody resulting from a judgment of conviction entered against him in Monroe County Court. Petitioner was indicted on numerous counts of incest (New York Penal Law ("P.L.") § 255.25), forcible rape (P.L. § 130.35(1)), and first degree sodomy (former P.L. § 130.50(1)), based upon allegations that the participated in sexual activities with his daughter beginning from the time that she was 12 years-old until she was 21; the actual charges against Petitioner only covered the time period from when his daughter was 17 years-old until she was until 21. At Petitioner's jury trial, his daughter testified that sexual encounters with her father began with contact when she was 12 years old, progressed to oral-genital contact, and then to intercourse on a weekly basis by the time she was in high school. The sexual activities continued through college. The daughter testified that Petitioner was a police officer and used his service weapon to ensure her compliance with his demands. The complainant testified that Petitioner told her that their activities was how fathers taught their

daughters about sex; she initially believed him but later discovered that other girls did not engage in these activities with their fathers. She and Petitioner ultimately got into a crisis situation, and she reported him to the authorities.

The jury acquitted Gainey of the forcible rape and sodomy charges but convicted him of 18 counts of incest, a class E felony. The sentencing court imposed an indeterminate sentence of 1 to 20 years.

Petitioner's conviction was affirmed by the Appellate Division, Fourth Department, on February 11, 2004. The New York State Court of Appeals denied leave to appeal on May 11, 2004. Petitioner filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10, alleging improper judicial conduct not appearing on the record; this application was denied.

On or about January 5, 2005, Petitioner brought a second motion pursuant to C.P.L. § 440.10 claiming the trial court erred in not charging the jury on the corroboration requirement and accomplice testimony. Petitioner's motion was denied by the trial court on October 18, 2005, and leave to appeal was denied by the Appellate Division, Fourth Department.

Gainey then timely filed this habeas petition (Docket Nos. 1, 13), in which he raised one ground for relief–that the trial court's refusal to dismiss allegedly defective counts of his indictment violated his Sixth Amendment right to be informed of the nature and cause of the accusations against him. According to Petitioner, several counts of his indictment lacked the requisite specificity in terms of the dates of the incidents. Respondent opposed the Petition, arguing that this claim, although exhausted, is without merit. (Docket No. 8).

In 2006, Petitioner subsequently filed a motion to amend his petition (Docket No. 14) to

include his claim, unsuccessfully raised in his second C.P.L. § 440.10 motion, that the jury should have been provided an accomplice/corroboration charge. Respondent has opposed Petitioner's motion to amend. (Docket No. 16).

For the reasons that follow, Petitioner's motion to amend is denied with prejudice, Petitioner's request for a writ of habeas corpus is denied, and the Petition is dismissed.

**II.     Petitioner's Motion to Amend**

Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") governs motions to amend a petition for a writ of habeas corpus. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts; *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 814-15 (2d Cir. 2000). Rule 15 provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). In this case, a responsive pleading was filed prior to Gainey's motion to amend. Consequently, since the respondent has not provided "written consent" to an amendment of the petition, "leave of court" is required. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Respondent argues that amendment of the petition to add the claim that the trial court

failed to properly instruct the jury regarding the requirement of "corroboration of accomplice testimony" is procedurally defaulted. This is because, respondent contends, the proposed amended claim was denied pursuant to C.P.L. 440.10(2)(c), which constitutes an adequate and independent state ground to preclude federal habeas review of the claim. (Docket No. 16). Respondent asserts that a federal court should not review a question of federal law decided by a state court if that decision is based on independent and adequate state substantive or procedural law, even where the state court declined to address the federal claims on the merits because the petitioner failed to meet state procedural law requirements. *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 2553-54 (1991) (federal habeas review is precluded if the decision of the state court rested on a state law ground that is independent of the federal question and adequate to support the judgment, unless the petitioner can show cause for the default and prejudice resulting therefrom, or that refusal to hear the federal claim would result in a fundamental miscarriage of justice).

Here, an amendment of the petition to add Gainey's jury instruction claim would be futile. *Accord Perez v. Greiner*, No. 00Civ.5504(RCC)(KNF), 2004 WL 2937795, at *3 (S.D.N.Y. Dec. 17, 2004) (denying motion to amend where petitioner's claims were futile as a result of a procedural default) (citing *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) (holding that district court may deny leave to amend if amendment would be futile). "Under New York law, collateral review of a claim that could have been raised on direct appeal but was not, despite a sufficient record, is procedurally barred." *Perez*, 2004 WL 2937795, at *3 (citing N.Y. CRIM. PROC. LAW § 440.10(2)(c); *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir.1994)). In other words, Section 440.10(2)(c) of New York's Criminal Procedure Law

mandates that the state court deny any 440.10 motion where the defendant unjustifiably failed to argue such constitutional violation on direct appeal despite a sufficient record. *See Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 126 (2d Cir.1995) (refusing to conduct federal habeas review where New York's appellate court found claim to be procedurally barred under C.P.L. § 440.10(2)(c)). In Gainey's case, the trial court denied the C.P.L. § 440.10 motion on the ground that the claim was record-based and so could have been reviewed on direct appeal, under C.P.L. § 440.10(2)(c). The Second Circuit has recognized C.P.L. § 440.10(2)(c) as an adequate and independent state ground sufficient to preclude federal habeas review of a state-court defendant's claims. *E.g., Sweet v. Bennett*, 353 F.3d 135, 139-40 (2d Cir. 2003); *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997); *Aparicio v. Artuz*, 269 F.3d at 91(2d Cir. 1991).

Because this claim is procedurally barred it may be reviewed in this Court only upon a showing by petitioner of cause for the default and prejudice to him or that a fundamental miscarriage of justice would attend if his claim was not reviewed. *Wainwright v. Sykes*, 433 U.S. 72, 87, 91 (1977). A habeas corpus petitioner may demonstrate cause for a procedural default by "showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by officials,' made compliance impracticable . . . [or that] the procedural default is the result of ineffective assistance of counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A fundamental miscarriage of justice exists where a person has been convicted who is "actually innocent." *Murray*, 477 U.S. at 496. Petitioner has presented no other evidence to the Court that would establish cause for his default or prejudice to him, or that a fundamental miscarriage of justice would attend if this claim were not reviewed. Therefore, because it is

extremely doubtful that petitioner can overcome the procedural hurdle facing him as a result of the state court's reliance upon C.P.L. § 440.10(2)(c) as an adequate and independent state ground to deny the proposed new claim, amendment of the petition to add the claim would be futile. *Accord*, *e.g.*, *Perez v. Greiner*, 2004 WL 2937795, at *4; *Beverly v. Walker*, 899 F. Supp. 900, 908 (N.D.N.Y.1995) ("Because the state court made an adequate and independent finding of procedural default, and because petitioner has not made any attempt to show cause or prejudice, this Court will not review his claim. Accordingly it would be futile to allow petitioner to amend his habeas petition."); *Bradley v. LaClair*, 599 F. Supp.2d 395, 406 (W.D.N.Y. 2009) (report and recommendation adopted) ("I note that Section 440.10(2)(c) of the C.P.L. has been held by the Second Circuit to be an "adequate and independent" state ground. Neither cause nor prejudice is apparent on the record before me, and Bradley has not made any attempt to establish factual innocence. Thus, the proposed amended claims also would be subject to an unexcused procedural default, providing an additional reason to find that amendment would be futile.") .

For the foregoing reasons, Gainey's motion to amend is denied with prejudice.

**III.    Merits of the Habeas Petition's Claim Regarding the Adequacy of the Indictment**

    **A.    The Law Regarding the Sixth Amendment's Right to Fair Notice of Charges**

To comport with the Sixth Amendment "fair notice" requirement, a criminal indictment must (1) contain all of the elements of the offense so as to fairly inform the defendant of the charges against him, and (2) enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense. *United States v. Santeramo*, 45 F.3d 622, 624 (2d Cir. 1995) (citing *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887 (1974)). "A due process claim in a federal habeas petition alleging that a state prisoner was unable, based on lack of notice in

the indictment, to adequately prepare his defense resulting in actual prejudice 'is largely one of state law, subject only to the general fourteenth amendment guarantees of due process.'" *Chandler v. Moscicki*, 253 F.Supp.2d 478, 486 (W.D.N.Y. 2003) (Foschio, M.J.) (quoting *United States ex rel. Corozzo v. Attorney Gen. of State of N.Y.*, 475 F. Supp. 707, 709 (E.D.N.Y.1979) (citing *Peters v. Kiff*, 407 U.S. 493, 496 (1972) (the general Fourteenth Amendment guarantee of due process is the appropriate measure of grand jury indictments because the requirements of the Fifth Amendment have not been applied to the states)).

Thus, "[t]he sufficiency of a state indictment cannot form the basis for the issuance of a writ of habeas corpus unless the indictment falls below basic constitutional standards. Those standards ensure a defendant the opportunity to prepare a sufficient defense by requiring that an indictment inform the accused, in general terms, of the time, place and essential elements of the alleged crime." *Carroll v. Hoke*, 695 F. Supp. 1435, 1438 (E.D.N.Y. 1988) (citing *Ransom v. Davis*, 613 F. Supp. 430, 431 (M.D. Tenn. 1984) ("The sufficiency of the indictment does not raise a federal-constitutional issue cognizable in a proceeding in habeas corpus when, as here, the notice to the accused person in the indictment fairly, even if imperfectly, apprises the accused person of the offense for which he or she is to be tried. *Blake v. Morford*, 563 F.2d 248, 250 [3] (6th Cir.1977), *cert. den. sub nom. Blake v. Thompson*, 434 U.S. 1038 (1978)), *aff'd*, 767 F.2d 921 (6th Cir. 1985); *United States v. Goldberg*, 587 F. Supp. 302, 310 (S.D.N.Y. 1984), *vacated on other grounds*, 756 F.2d 949 (2d Cir.), *cert. denied*, 472 U.S. 1009 (1985); *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir.1980); *United States ex rel. Mintzer v. Dros*, 403 F.2d 42, 43 (2d Cir.1967) ("Habeas corpus is not available to test the sufficiency of the indictment.") (citing *United States ex rel. Tangredi v. Wallack*, 343 F.2d 752 (2d Cir. 1965)), *aff'd* 880 F.2d 1318

(2d. Cir. 1989).

### B. Analysis of Petitioner's Claim Regarding the Indictment

On appeal, Petitioner admitted that time is not an essential element of the crime of incest but argued that the trial court was required to consider the sufficiency of the approximate time frames of the offenses in the indictment, given all the relevant circumstances. Petitioner argues that given the age and maturity of his daughter, the times of the sexual encounters could have been narrowed further and made more specific. Notably, Petitioner's argument that the time-frame should have narrowed based upon the victim's age and maturity does not appear to have any relation to his assertion that the information contained in the indictment fell below that constitutional threshold of knowledge which allowed him to prepare a defense.

On direct appeal, the Appellate Division simply rejected Petitioner's claim regarding the lack of temporal specificity in the indictment as "without merit." *People v. Gainey*, 4 A.D.3d 851, 771 N.Y.S.2d 404, 405 (App. Div. 4th Dept. 2004). This constitutes an adjudication on the merits for the purposes of 28 U.S.C. § 2254(d), as amended in 1996. Gainey can obtain habeas relief only if can demonstrate that the state court's merits-adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(1), (2); *see also Williams v. Taylor*, 529 U.S. 362, 375-76 (2000). In addition, a federal court may entertain a state prisoner's habeas corpus petition only to the extent that the petition alleges custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Accordingly, federal habeas corpus relief does not lie for errors of

state law that do not rise to the level of federal constitutional violations. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

As noted above, "[g]enerally, a claim that a state indictment was insufficient is not subject to habeas relief unless the indictment falls below basic constitutional standards." *Holland v. Allard*, No. 04-CV-3521(DRH)(MLO), 2005 WL 2786909, at *7 (E.D.N.Y. Oct. 26, 2005) (citing *MacKenzie v. Portuondo*, 208 F. Supp.2d 302, 303 (E.D.N.Y. 2002)). As the Second Circuit has explained,

> An indictment need only provide sufficient detail to assure against double jeopardy and state the elements of the offense charged, thereby apprising the defendant of what he must be prepared to meet. *United States v. Salazar*, 485 F.2d 1272, 1277 (2d Cir. 1973), cert. denied, 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974). Under this test, an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime, *United States v. Fortunato*, 402 F.2d 79, 82 (2d Cir. 1968), *cert. denied*, 394 U.S. 933, 89 S.Ct. 1205, 22 L.Ed.2d 463 (1969); *United States v. Palmiotti*, 254 F.2d 491, 495 (2d Cir. 1958)[.]

*United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1973); *accord, e.g.*, *DeVonish v. Keane*, 19 F.3d 107, 108-09 (2d Cir. 1994).

Here, Section 255.25 of New York's Penal Law provides that "[a] person is guilty of incest in the third degree when he or she marries or engages in sexual intercourse, oral sexual conduct or anal sexual conduct with a person whom he or she knows to be related to him or her, whether through marriage or not, as an ancestor, descendant, brother or sister of either the whole or the half blood, uncle, aunt, nephew or niece." N.Y. PENAL LAW § 255.25. Notably, there is no time element stated in the statutory section defining the offense.

Respondent points out that Petitioner's primary argument is not that he had insufficient information to defend his case but rather that the accusatory instruments were insufficient

because the complainant was old enough to have narrowed the time frame of the sexual encounters. After the prosecutor amended the Bill of Particulars, the time intervals ranged from a 2-day time period to a 31-day time period. Petitioner argues that these time spans were too long and the alleged lack temporal specificity failed to inform him of the nature and cause of accusations against him sufficiently enough to allow him to develop an alibi defense. Respondent asserts that Gainey's complaint about not being able to pursue an alibi appears to be gratuitous, since Petitioner has utterly failed to explain how he was prevented from preparing an alibi defense with regard to the 18 counts of incest for which he was convicted. Thus, Petitioner has failed to establish that the lack of specificity prejudiced him at trial in any way. *Cf. Carroll v. Hoke*, 695 F. Supp. at 1438-39 ("Petitioner's second claim for relief alleges that the state court indictment was constitutionally defective because it failed to state, with sufficient particularity, the date upon which petitioner's alleged crimes were committed. . . . Here, there is little question that the indictment charging petitioner met the constitutional standards referred to above. Carroll was apprised of the crimes with which he was charged and the approximate dates on which they were committed. Petitioner presented alibi witnesses who testified as to his alleged whereabouts on the dates of the crimes. It is thus clear that petitioner was able to prepare his defense and he has come forward with no evidence showing how any alleged lack of notice deprived him of a fair trial. Accordingly, petitioner's claim as to any inadequacy of the notice provided by the indictment must fail."). Moreover, Petitioner has not claimed that he was unfairly surprised by any evidence at trial as a result of the general indictment. *cf. United States v. Stoner*, 98 F3d 527, 537 (10th Cir. 1996) ("In the instant case, [defendant] has failed to establish that the variance between the untimely overt acts alleged in the indictment and the evidence at trial prejudiced her

substantial rights in any way. In particular, neither at trial nor on appeal has [defendant] claimed that she was unfairly surprised by the proof of the timely overt acts at trial. *Cf.* [*United States v.*] *Fruehauf Corp.*, 577 F.2d [1038]at 1057 [(6th Cir. 1978)] (noting the defendant's failure to claim that he was surprised or misled by the variance in proof of overt acts as an indication that the defendant's Sixth Amendment right to fair notice had not been prejudiced by that variance); [*United States v.*] *Adamo*, 534 F.2d [31] at 39 [(3d Cir. 1976)]  (same); [*United States v.*] *Goble*, 512 F.2d [458] at 466 [(6th Cir. 1975)]  (same); *Brulay* [*v. United States*], 383 F.2d [345] at 351 [(9th Cir. 1967)]  (same).").

In sum, Gainey has failed to establish that his indictment did not meet the relevant standards as defined by the United States Constitution. *See Devonish*, 19 F.3d at 109 (denying habeas relief where petitioner argued that his indictment fails this constitutional test because it did not specify the particular crime petitioner intended to commit upon entering the two dwellings; court found that "[b]ecause an intent to commit a particular crime is not a material element of the offense charged, De Vonish's indictment satisfied the Constitution's minimum standards since it tracked the language of the New York burglary statute, and specified the approximate time and place of the alleged crime") (citing *Tramunti*, 513 F.2d at 1113)); *see also Beverly v. Walker*, 899 F. Supp. at 909 (denying habeas relief based on claim of allegedly constitutionally defective indictment). Gainey has not shown a constitutional violation and habeas relief is not warranted on his Sixth Amendment notice claim.

**IV.     Conclusion**

For the reasons stated above, petitioner Curtis Gainey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed and his motion to amend the petition is denied

with prejudice. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: April 16, 2010
Buffalo, New York