UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CURTIS L. GAINEY,

                              Petitioner,

              v.

SUPT. TIMOTHY MURRAY,
 Gowanda Corr. Facility,

                             Respondent.
_____

DECISION
and
ORDER

05-CV-00532F
(consent)

APPEARANCES:       CURTIS L. GAINEY, *Pro Se*
                        01-B-1077
                        Groveland Correctional Facility
                        7000 Sonyea Road
                        Box 50
                        Sonyea, New York  14556

                        SANDRA DOORLEY
                        Monroe County District Attorney
                        Attorney for Respondent
                        GEOFFREY A. KAEUPER, and
                        LORETTA S. COURTNEY
                        Assistant District Attorneys, of Counsel
                        47 South Fitzhugh Street
                        Rochester, New York  14614

      This case was recommitted to the undersigned by Honorable Richard J. Arcara

on August 8, 2013.  The matter is presently before the court on Petitioner's motion (Doc.

No. 26), filed September 12, 2012, seeking to vacate judgment (Doc. No. 21), filed April

19, 2010, denying the petition for habeas relief.

      On July 29, 2005, Petitioner, Curtis L. Gainey ("Gainey" or "Petitioner"), filed the

instant petition pursuant to 28 U.S.C. § 2254, asserting a single claim for habeas relief,

*i.e.*, the court's refusal to dismiss an allegedly defective count in the underlying

indictment violated Petitioner's Sixth Amendment right to be informed of the nature and

cause of the accusations against him.  On October 24, 2005, Petitioner filed a motion to stay (Doc. No. 9) ("Motion to Stay"), and on November 29, 2005, Petitioner filed a request to hold the Petition in abeyance (Doc. No. 11) ("Motion to Hold in Abeyance"). Both the Motion to Stay and the Motion to Hold in Abeyance sought to defer consideration of the Petition pending Petitioner's exhaustion of a claim pending in New York Supreme Court – Monroe County, asserting the trial court erred by not charging the jury on corroboration of accomplice testimony.  In an Order entered January 31, 2006 (Doc. No. 12), Magistrate Judge Victor E. Bianchini construed Petitioner's Motion to Stay and Motion to Hold in Abeyance as a motion to file an amended petition, directing Plaintiff to file an amended petition by February 24, 2006.

Accordingly, on February 23, 2006, Petition filed an Amended Petition (Doc. No. 14), asserting two grounds for habeas relief, including the sole ground asserted in the original petition pertaining to Sixth Amendment ("First Claim"), as well as the ground challenging the jury charge regarding the failure to include an instruction on corroboration of accomplice testimony ("Second Claim").  At that time, however, the Second Claim had still not been exhausted in New York State court but, rather, remained pending.

In a Decision and Order filed March 30, 2006 (Doc. No. 15) ("D&O"), Judge Bianchini denied the Amended Petition on the merits.  Judge Bianchini held that although the Second Claim was not exhausted, the Amended Petition would be treated as a mixed petition, *i.e.*, a petition seeking habeas relief and containing both exhausted and unexhausted claims, yet denied Second Claim as futile because it was procedurally barred, not having been raised on direct appeal.  D&O at 4-6.  On May 10, 2010,

Plaintiff filed a Notice of Appeal (Doc. No. 22) with the Second Circuit seeking issuance of a certificate of appealability. On October 7, 2010, the Second Circuit denied the motion for a certificate of appealability.  (Doc. No. 25).

On September 12, 2012, Petitioner filed the instant motion (Doc. No. 26) ("Petitioner's motion") seeking to vacate the D&O pursuant to Fed.R.Civ.P. 60(b)(6), asserting Judge Bianchini misconstrued the Motions to Stay and to Hold in Abeyance as a motion to amend.  In opposition to Petitioner's motion, Respondent argues although Petitioner asserts the motion is made under Fed.R.Civ.P. 60(b)(6), establishing as a ground for relief from a final judgment "any other reason that justifies relief," a plain reading of the motion established it is made pursuant either to Rule 60(b)(1), permitting relief from a final judgment made based on "mistake, inadvertence, surprise, or excusable neglect," or Rule 60(b)(3), providing for relief based on "fraud . . . misrepresentation, or misconduct by an opposing party."  Response to Petitioner's Motion to Vacate Pursuant to Rule 60(b) (Doc. No. 30) ("Respondent's Response"), ¶ 2. Significantly, because motions to vacate pursuant to Rule 60(b)(1) and (3) are must be made "no more than a year after the entry of the judgment . . . ," Fed.R.Civ.P. 60(c)(1), and Petitioner's motion was made on September 12, 2012, more than one year after Judge Bianchini's Decision and Order denying the Petition was filed on April 16, 2010, Petitioner's motion is untimely.  Respondent's Response ¶ 3.

In further support of his motion, Petitioner argues that the court misconstrued his motion seeking to hold the Petition in abeyance while Petitioner exhausted his second claim, as a motion to amend, characterized the Petition as a "mixed" petition because of the unexhausted claim, and then denied the Petition.  According to Petitioner, the court

simply should have held the Petition in abeyance pending exhaustion of the second claim, then permitted Plaintiff to file an amended petition, asserting the second claim which would then have been exhausted and which presented a valid ground for habeas relief.

The Second Circuit has considered "how district courts should give effect to the protections of Rule 60(b) with respect to the previous habeas proceedings without allowing unsuccessful habeas petitioners to bypass the procedures of the AEDPA." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Relief under Rule 60(b)(6) based on "any reason that justifies" is, however, rare, and "viable only in 'extraordinary circumstances.'" *Id.* Such relief is to be used sparingly. *DeCurtis v. Ferrandina*, __ Fed.Appx. __, 2013 WL 3597463, at * 2 (2d Cir. July 16, 2013). Further, it is the Petitioner's burden "to demonstrate that 'extraordinary circumstances' warrant relief." *Maldonado v. Local 803 International Brotherhood of Teamsters Health and Welfare Fund*, 490 Fed.Appx. 405, at * 1 (Jan. 16, 2013) (citing caselaw).

In the instant case, Petitioner has not shown any extraordinary circumstances warranting the relief sought. Rather, Judge Bianchini held that Petitioner's second claim regarding the trial court's failure to charge the jury with corroboration of accomplice testimony was futile as procedurally barred. As such, even if the Petition had been held in abeyance pending Petitioner's exhaustion of the claim in state court, and then filed an amended petition asserting the then exhausted claim, the claim still would not have provided any ground, much less "extraordinary circumstances warranting relief" under Rule 60(b)(6).

As such, Petitioner's motion addresses only the previous habeas proceedings either under Rule 60(b)(1), permitting relief from a final judgment made based on "mistake, inadvertence, surprise, or excusable neglect," or Rule 60(b)(3), providing for relief based on "fraud . . . misrepresentation, or misconduct by an opposing party." Accordingly, so as not to bypass the procedures of the AEDPA, *Harris*, 367 F.3d at 77, the motion was required to be brought within one year of the judgment Petitioner seeks to vacate.  Fed.R.Civ.P. 60(c)(1).  Because Petitioner's motion was not made until 17 months after the D&O was entered, the motion is DISMISSED as untimely filed. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     September 30, 2013
           Buffalo, New York


**Any appeal of this Decision and Order to the United States Court of Appeals for the Second Circuit, New York, New York, must be filed within thirty (30) days of the date of judgment in accordance with Fed.R.App.P. 4(a)(1)(A) and (c).  A notice of appeal must be filed with the Clerk of this District Court as required by Fed.R.App.P. 3(a)(1).**